IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| VIROX TECHNOLOGIES INC., | ) | |
| | ) | |
| Plaintiff, | ) | C. A. No. _____ |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| INNOVASOURCE, LLC | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT

Plaintiff Virox Technologies Inc. ("Virox" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial and complains of Defendant Innovasource, LLC, ("Innovasource" or "Defendant") as follows:

### NATURE OF THE ACTION

1.      This is an action for patent infringement resulting from Defendant's unauthorized manufacture, use, sale, offer to sell and/or importation into the United States of products, methods, processes, services and/or systems, including Defendant's "Proxi" products that infringe one or more claims of United States Patent No. 6,803,057 (the "'057 Patent") entitled "Hydrogen Peroxide Disinfectant With Increased Activity."  A copy of the '057 Patent is attached as Exhibit A.  The '057 Patent was issued by the United States Patent and Trademark Office on October 12, 2004.

## THE PARTIES

2.      Virox Technologies Inc. is a corporation organized and existing under the laws of Canada with a place of business at 2770 Coventry Road, Oakville, Ontario L6H 6R1 Canada, and it conducts business in the Commonwealth of Massachusetts.

3.      Plaintiff Virox is the lawful assignee of all right, title and interest in and to the '057 Patent.

4.      Upon information and belief, Defendant Innovasource, LLC is a corporation organized and existing under the laws of North Carolina with a principal place of business at 11515 Vanstory Drive, Suite 135, Huntersville, North Carolina  28078.

## JURISDICTION AND VENUE

5.      This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.  This Court has subject matter jurisdiction pursuant to 35 U.S.C. §§ 271 *et seq*. and 28 U.S.C. §§ 1331 and 1338.

6.      This Court has personal jurisdiction over the Defendant.  Defendant has conducted and does conduct business within the Commonwealth of Massachusetts.  Defendant, directly and indirectly, ships, distributes, offers for sale, sells, and advertises products, including infringing products, in the United States, the Commonwealth of Massachusetts, and the District of Massachusetts.  Defendant purposefully and voluntarily distributes one or more of its infringing products to Price Chopper grocery stores in the Commonwealth of Massachusetts with the expectation that they would be purchased by consumers in the District of Massachusetts and to *alice.com* for distribution into the Commonwealth of Massachusetts.  These infringing products have been and continue to be purchased by consumers in the District of Massachusetts.

Defendant has committed acts of patent infringement within the United States and, more particularly, within the District of Massachusetts.

7.      Upon information and belief, Defendant maintains or has maintained continuous and systematic contacts with the Commonwealth of Massachusetts and this judicial district and has committed tortious activity within the district, including registering products and/or ingredients with Massachusetts regulators.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## COUNT I

### (Patent Infringement of United States Patent No. 6,803,057)

9.      Paragraphs 1 through 8 are incorporated by reference as if fully restated herein.

10.      Defendant makes, uses, sells, offers to sell and/or imports into the United States products, services, methods or processes, in this judicial district and elsewhere that infringe the '057 Patent directly and/or indirectly, under 35 U.S.C. §§ 271(a), (b) and (c).

11.      Defendant infringes one or more claims of the '057 Patent through the offer to sell, sale and use of its Proxi home disinfectant products including Proxi® Kitchen Disinfectant Cleaner, Proxi® Multi-Purpose Disinfectant Cleaner and Proxi® Bathroom Disinfectant Cleaner.

12.      Defendant's infringement has caused Plaintiff to suffer irreparable harm.

13.      Plaintiff has suffered and continues to suffer damages caused by Defendant's infringement.

14.      Defendant is prosecuting its own patent application, U.S. Patent Application Publication No. 2009/0304608, and therein admits that it is aware of U.S. Patent No. 6,346,279 (the "'279 Patent").  The '279 Patent is owned by Virox and is directly related to the '057 Patent.

Upon information and belief, Defendant Innovasource was aware of the '057 Patent, and nonetheless continued to offer for sale and sell Proxi home disinfectant products without the right to do so in view of the '057 Patent. Therefore, Defendant's infringement of the '057 Patent is willful.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, granting Plaintiff the following relief:

(A)      that this Court adjudge and decree that the '057 Patent is valid and enforceable against the Defendant;

(B)      that this Court adjudge and decree that the Defendant has infringed and continues to infringe the '057 Patent;

(C)      entry of preliminary and/or permanent equitable relief, including but not limited to a preliminary and/or permanent injunction that enjoins Defendant and any of its officers, agents, employees, assigns, representatives, privies, successors, and those acting in concert or participation with them from infringing and/or inducing infringement of the '057 Patent;

(D)      a declaration or order finding that Defendant's infringement is willful and/or an order increasing damages under 35 U.S.C. § 284;

(E)      a judgment holding that this is an exceptional case under 35 U.S.C. § 285 and awarding Plaintiff their reasonable attorneys' fees, costs and expenses;

(F)      that this Court enter an award to Plaintiff of such damages against Defendant together with prejudgment interest and costs; and

    (G)    that this Court grant to Plaintiff such other, further, and different relief as may be just and proper.


January 22, 2013                     HAMILTON, BROOK, SMITH & REYNOLDS, P.C.


                     _____/s/ Brian T. Moriarty_____
                     Brian T. Moriarty (BBO# 665995)
                     brian.moriarty@hbsr.com
                     John L. DuPré (BBO# 549659)
                     john.dupre@hbsr.com
                     Christopher K. Albert (BBO#670409)
                     christopher.albert@hbsr.com
                     530 Virginia Road
                     P.O. Box 9133
                     Concord, Massachusetts 01742-9133
                     Telephone:  (978) 341-0036
                     Facsimile:   (978) 341-0136

                     *Attorney for Plaintiff*


1399885.1